ABNER S. MARINER and JOSIAH ROBERTS, plaintiffs in error, vs. ZACHARIAH RODGERS, defendant in error.

A bond stipulated, that the obligor was to deliver "*the possession*" of a lot of land to the obligee.

*Held*, That parol evidence was admissible, to show what was the estate that was to accompany the possession.

Debt, in Muscogee. Tried before Judge WORRILL.

Zachariah Rodgers and Abner S. Mariner swapped lots and houses in the city of Columbus, and were to deliver possession each to the other at a certain time. Mariner and Josiah Roberts entered into bond with Rodgers, conditioned in a certain sum, for the faithful execution of the agreement on Mariner's part, if Rodgers should demand possession on the day, and offer possession. Rodgers did so, and Mariner refused to give possession; Rodgers sued on the bond.

On the trial plaintiff proved these facts, and that the rent of Mariner's lot was worth twice as much as that of Rodgers' lot.

The jury found for plaintiff, and the defendant moved the Court for a new trial, on the grounds:

1st. That the Court erred in admitting testimony as to the value of the rents of the two lots contracted to be exchanged.

2d. Because the Court erred in rejecting parol proof in explanation of the contract, that the contract was intended as

a swap, and not as an exchange for a year or a term of years.

3d. Because the Court erred in charging the jury, that the difference in the value of the annual rents of the two lots was the criterion of damages under the contract, and that they might, if the evidence authorized it, find for the plaintiff such difference, from the breach of the contract up to the time of the trial.

4th. Because the contract is uncertain in its terms, and insufficient in law to authorize a recovery.

5th. Because said verdict is contrary to both law and the evidence.

Which motion the Court refused, and defendant excepted and assigns error.

Holt & Hutchins, for plaintiffs in error.

Ingram & Russell, for defendant in error.

*By the Court.*—Benning J. delivering the opinion.

The action was on the bond given by Mariner and Roberts to Rodgers.

The condition of the bond was as follows: " that if the said Mariner and his wife, Avarilla S. Mariner, shall, on the 28th day of December next, or thereafter on demand, deliver to said Rodgers, or his order, possession of the north half of the lot in the city of Columbus, in said county, known and distinguished in the plan of said city, as lot No. 137, with the present improvement thereon, provided, said Rodgers shall upon a similar demand, at the same time, deliver possession to said Mariner or wife, of that parcel of ground, lying in the said county, in the Coweta reserve, and known as the south-east quarter of the one hundred acre lot, No. 114, in said reserve, and containing twenty-five acres, then this bond to be void, else to remain in full force and virtue."

A breach of this condition, by Mariner, was alleged in the declaration.

This condition expresses a stipulation for an interchange of mere *possession*; it is silent as to what is to be the *estate* that is to accompany that possession.

Now possession is a thing that may be accompanied by any estate; as, by an estate at will.; for years; for life; in fee.

Consequently, it will be entirely consistent with a right of possession, that the person entitled to the right, has an estate at will; or an estate for years; or an estate for life; or an estate in fee. At least, it will be quite as consistent with this right, that he has an estate for life or one in fee; as it will be that he has an estate but for years.

Thus, then, the bond only saying, that Rodgers was to have the possession,—being silent as to the quantity of estate he was to have with the possession, it would be consistent with the bond that he was to have any quantity of estate; quite as consistent with it, that he was to have the fee, as, that he was to have but a term of years.

The Court below admitted evidence offered to show, that the estate which it was intended should accompany the possession, was an estate only for years, but refused to admit evidence offered to show, that such estate was one in fee.

It follows, from what has been said, that the Court must have erred in refusing to admit the latter evidence or in admitting the former.

Judge Lumpkin and I, think that the Court erred in refusing to admit the latter. Judge McDonald thinks the Court erred in admitting the former.

The other grounds of the motion, depend on the ground first disposed of. Obviously, the measure of damages, depends on the quantity of interest which was to be interchanged with the possession.

New trial ordered.